IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Iva Bonelli<br>　　　　　　Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>　　　　　　Plaintiff<br>　vs.<br>Iva Bonelli<br>　　　　　　Defendant(s) | ADV. NO. 21-00084 ELF<br><br>CASE NO. 20-14471 ELF |

**STIPULATION RESOLVING PLAINTIFF'S ADVERSARY ACTION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　On or about January 22, 2007, Defendant and deceased co-debtor Eligio Bonelli, borrowed the sum of $47,000.00 from Plaintiff's predecessor and granted a mortgage on the Property dated January 22, 2007 and recorded on January 31, 2007 in the Office of the Recorder of Deeds of Chester County, Pennsylvania in Book 7072, Page 2363 as Instrument Number 10725488, et seq. ("Mortgage").

2.　To further secure this debt, Defendant and co-Debtor executed and delivered to Plaintiff's predecessor a note in the amount of $47,000.00 dated January 22, 2007.

3.　The mortgage was assigned from Mortgage Electronic Registration Systems, Inc. as nominee for Citibank, N.A. to CitiMortgage, Inc. by assignment of mortgage dated April 09, 2012 and recorded on April 16, 2012 in Book, 8403, Page 1879, Document I.D. 11173296. The mortgage was further assigned from CitiMortgage, Inc. to Nationstar Mortgage LLC by assignment of mortgage dated December 09, 2016 and recorded on December 20, 2016 at Book 9459, Page 2330, Document I.D. 11517340. The mortgage was further assigned from CitiMortgage, Inc. by Nationstar Mortgage LLC, its Attorney-In-Fact to Nationstar Mortgage

LLC by assignment of mortgage dated December 15, 2016 and recorded on December 30, 2016 at Book 9466, Page 1462, Document I.D. 11519275.

4. Plaintiff's Mortgage was satisfied in error by Plaintiff when a satisfaction of mortgage was recorded in error December 14, 2018 at Instrument Number 11643905 even though the mortgage debt was not paid in full.

5. Prior to the recording of the erroneous satisfaction of mortgage, Plaintiff's loan with Defendant was in default and owing for the months of November 2014 onward.

6. Plaintiff and Defendant now agree that the filing of the erroneous Satisfaction of Mortgage shall be resolved as follows:

    a. Upon court approval of this Stipulation and Order Striking the Erroneous Satisfaction of Mortgage, Plaintiff shall record that Order with the Chester County Record of Deeds, thus striking the erroneous satisfaction of mortgage, *nunc pro tunc*.

    b. The loan shall be modified as follows:

        i. New Unpaid Principal Balance: $61,288.17
        ii. New Interest Rate: 4.75%
        iii. First Payment Due Date: 04/01/2022
        iv. Payment amount (P&I): $319.71
        v. New Maturity Date: 03/01/2052

    c. All other terms of the Note and Mortgage shall remain intact and in effect.

    d. Within fourteen (14) days of court approval of this Stipulation, Defendant shall file an Amended Chapter 13 Plan to include trustee payment of the post-petition arrears for the months of April 2022 through August 2022, totaling $1,598.55.

e. Plaintiff shall file a new Proof of Claim based upon the above amounts and including post-petition arrears in the amount of $1,598.55. Defendant does not object to this Claim being filed after the bar date.

f. Beginning with the payment due September 1, 2022 and continuing thereafter, Defendant shall pay to Plaintiff the present regular monthly mortgage payment of $319.71 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

g. Should Defendant provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Plaintiff shall adjust the account accordingly.

h. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Plaintiff shall notify Defendant and Defendant's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Defendant should fail to cure the default within fifteen (15) days, Plaintiff may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

i. If the case is converted to Chapter 7 and Plaintiff's loan is in default, Plaintiff may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

j. If the instant bankruptcy is terminated by either dismissal or discharge, the Modification Terms as stated in Paragraph (b) shall survive and be binding on

the parties but all default terms as stated in Paragraphs (h) and (i) shall be null and void.

7. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 26, 2022           /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Plaintiff

Date: July 26, 2022           /s/ Anthony A. Frigo Esq.
Anthony A. Frigo Esq.
Attorney for Debtor(s)/Defendant